526 S.E.2d 530

**P. Lee CLAY, Plaintiff Below, Appellant,**

v.

**Selina Rose CLAY (Now McClure), Defendant Below, Appellee.**

**No. 26209.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1999.

Decided Dec. 10, 1999.

P. Lee Clay, High Point, North Carolina, Pro Se.

Delby B. Pool, Esq., Clarksburg, West Virginia, Attorney for Defendant Below, Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Marion County entered on November 17, 1998, ordering the appellant, P. Lee Clay, to pay arrearages in child support and alimony, including interest, totaling $73,441.98 to the appellee, Selina Rose Clay. In this appeal, the appellant contends that the circuit court erred in calculating the arrearages in child support and alimony. We agree, and for the reasons set forth below, reverse the final order of the circuit court.

## I.

The parties were married on November 18, 1978. They have three children: Percy born on August 3, 1980; James born on February 7, 1982; and Adam born on June 13, 1983. In April 1986, the appellant filed a complaint for divorce. On February 3, 1987, a temporary order was entered granting custody of the children to the appellee and ordering the appellant to pay $400.00 per month in child support. The appellant was also ordered to pay the appellee $200 a month as alimony unless she chose to live in the marital home.

A divorce was granted on December 9, 1987. The issues of custody, child support, alimony, and property settlement remained pending, and the appellee continued to have custody of the children. In November 1989, based on the appellant's allegations that the children were being abused and neglected by the appellee and an investigation by the Child Advocate's Office, the appellant was granted temporary custody of the children. The family was ordered to undergo psychiatric evaluations and a hearing for a custody

determination was scheduled for January 1990. Thereafter, the custody hearing was postponed because the psychiatric evaluations had not been completed.

The children continued to live with their father in Virginia for the next eight years. During this period of time, both parties remarried. In August 1997, a hearing was scheduled regarding custody of the children. Upon the filing of a request for a continuance by the appellant, the family law master granted temporary custody of the children to the appellee.[1] The hearing was rescheduled for October 31, 1997.

After receiving notice that the appellee had been granted custody of the children, the appellant filed a motion for recusal of the family law master and a petition for a writ of prohibition. The motion and writ were both denied by the circuit court. On December 19, 1997, the family law master entered an order granting custody of the children to the appellee and visitation to the appellant. She noted that both parties were fit parents, but that the children stated that they wished to live with their mother. She also indicated that the two younger children did not wish to visit their father. The family law master scheduled a hearing regarding child support and alimony arrearages. Finally, she ordered the appellant to pay two-thirds of the appellee's attorney fees which totaled $4,000.00. In a subsequent order entered on November 17, 1998, the appellant was ordered to pay $73,441.98 for past due child support and alimony. This appeal followed.

## II.

In Syllabus Point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995), this Court stated that:

In reviewing challenges to findings made by a family law master that were also adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law

---

1. Apparently, the children were visiting their mother when this order was entered.

and statutory interpretations are subject to a *de novo* review.

With this standard of review in mind, we will now address the issues in this case.

As we begin our analysis, we feel compelled to comment on the fact that this case has lingered in our court system for more than ten years. Although the parties were divorced in 1987, the issues of custody, child support, alimony, and property settlement remained pending until 1998. Instead of resolving any of these matters, a series of pendente lite orders and continuances were granted over the course of ten years. After a thorough examination of these orders and other documents in this case, we find that the circuit court has erred by ordering the appellant to pay $73,441.98 in arrearages for child support and alimony.

■ We will first consider the issue of alimony. After the appellant filed the complaint for divorce in 1986, a temporary order was entered granting the appellee the right to live in the marital home. In the event that the appellee chose not to live in the marital home, the appellant was ordered to pay her $200 per month as alimony.[2] On December 9, 1987, the parties were granted a divorce. The divorce order provided that "[a]ll other issues in controversy between the parties, including but not limited to custody, support, alimony and property settlement, remain pending before the Court."

Subsequently, a pendente lite order was entered on August 16, 1989. This order indicated that the appellant had filed a petition seeking modification of custody and that a referral to the Child Advocate for investigation regarding the custody question had been made. The order also stated that "[i]t is further ordered that, until the further order of the Court, the provisions of prior orders be continued in force until such time as the same may be changed by subsequent order."

■ After reviewing these orders and the rest of the record, we do not believe that the appellee was entitled to alimony following the divorce. There was never a final order entered in this regard. Although a pendente lite or temporary order granting $200 per

month in alimony was entered prior to the divorce, there was never a permanent award of alimony made at the time of the divorce or thereafter. As we have previously noted, "West Virginia Code, 48-2-13, indicates that the purpose of temporary or *pendente lite* alimony is to provide for the maintenance of the recipient party during the pendency of the divorce proceedings." *Sellitti v. Sellitti,* 192 W.Va. 546, 549, 453 S.E.2d 380, 383 (1994) (citation omitted). In fact, "[n]o order granting temporary relief may be the subject of an appeal or a petition for review." W.Va. Code § 48-2-13(g). In this case, the only order entered with regard to alimony was the temporary order entered on February 3, 1987. It would be unconscionable to hold the appellant to an order he could never appeal. Although legal terms are elastic and can be stretched, the word "temporary" can not be stretched to ten years. Because no order was ever entered awarding alimony following the divorce, the appellee is not entitled to alimony following the December 9, 1987 divorce order.

■ Although the appellee was not granted alimony after the divorce, she was entitled to alimony during the pendency of the divorce as set forth in the February 3, 1987 order. The record indicates that the appellant did not make any temporary alimony payments while the divorce was pending. In Syllabus Point 1 of *Goff v. Goff,* 177 W.Va. 742, 356 S.E.2d 496 (1987), we stated that: "Matured installments provided for in a decree, which orders the payment of monthly sums for alimony or child support, stand as 'decretal judgments' against the party charged with the payments." However, in Syllabus Point 6 of *Robinson v. McKinney,* 189 W.Va. 459, 432 S.E.2d 543 (1993), this Court held that: "The ten-year statute of limitations set forth in *W.Va.Code,* 38-3-18 [1923] and not the doctrine of laches applies when enforcing a decretal judgment which orders the payment of monthly sums for alimony or child support."

In *Robinson,* the appellant sought to enforce a child support order entered on February 7, 1977, which ordered the appellee to pay $100 per month in child support. Ap-

---

2. It is undisputed that the appellee only lived in the marital home for three months after this

order was entered.

proximately ten months later, custody was switched from the appellant to the appellee by court order without any provision for child support payments. Nonetheless, the parties agreed the child support payments would end since the appellee had custody. Five years later, the child returned to the appellant's custody although no court order was entered reflecting the change of custody. The appellee maintained that he and the appellant agreed at the time that he would still not pay child support despite the change of custody. In 1989, after the child had reached the age of 18, the appellant sought to enforce the original child support order. On appeal, this Court determined that the ten-year statute of limitations set forth in W.Va.Code § 38–3–18 and not the doctrine of laches applies when enforcing a decretal judgment which orders the payment of sums for alimony or child support. Accordingly, this Court found that the appellant was not barred from collecting child support from September 1982 to May 1989, the time period during which the child resided with her, since the appellant began the collection process in early 1992 by filing a Notice of Employer/Source of Income dated February 18, 1992, and by a motion to establish arrearages dated March 12, 1992.

In the case *sub judice*, the appellee began the collection process on August 27, 1998, by filing an Order/Notice to Withhold Income for Child Support. Accordingly, the appellee is barred by the statute of limitations from collecting alimony for the time period prior to August 27, 1988. Thus, the circuit court erred by awarding judgment against the appellant for arrearages in alimony.

For the same reasons, i.e., the statute of limitations, the appellee may not collect child support for the time period prior to August 27, 1988. Although the record is equally unclear as to whether an award of child support was intended to follow after the divorce decree was entered, we believe that the obligation to pay child support continued as long as the appellee had custody of the child. This Court has previously stated that "[t]he obligation of child support is grounded in the moral and legal duty of support of one's children from the time of birth." *Supcoe v. Shearer*, 204 W.Va. 326, 330, 512 S.E.2d 583, 587 (1998). In Syllabus Point 3 of *Wyatt v. Wyatt*, 185 W.Va. 472, 408 S.E.2d

51 (1991), this Court held that "[t]he duty of a parent to support a child is a basic duty owed by the parent to the child, and a parent cannot waive or contract away the child's right to support." Accordingly, the appellee should be awarded judgment against the appellant at the rate of $400 per month, plus interest, for arrearages in child support for the period of August 28, 1988 to November 8, 1989, the date on which custody of the children was transferred to the appellant. The appellee should also be awarded judgment against the appellant for arrearages in child support for the period of August 11, 1997, the date custody of the children was transferred to the appellee, through June 28, 1998, at the rate of $799.71 per month, plus interest.

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Marion County entered November 17, 1998, is reversed, and this case is remanded to the circuit court with directions to enter an order awarding the appellee judgment against the appellant for arrearages in child support as set forth in this opinion.

Reversed and remanded.

Judge ROBERT B. STONE, sitting by temporary assignment.

Justice SCOTT did not participate.