526 S.E.2d 327

STATE of West Virginia, ex rel., DEPARTMENT OF HEALTH AND HUMAN RESOURCES, by Debra Kay SCHWAB, Individually, and as Her Subrogee, Plaintiff below, Appellee,

v.

Jeffrey William SCHWAB, Defendant below, Appellant.

No. 25868.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1999.

Decided Dec. 13, 1999.

D.J. Romino II, Esq., Clarksburg, West Virginia, Attorney for Department of Health and Human Resources.

Scot S. Dieringer, Esq., Clarksburg, West Virginia, Attorney for Appellant.

**PER CURIAM:**

This case involves an appeal of an August 18, 1998 order of the Circuit Court of Harrison County. The appellant, Jeffrey Schwab ("Schwab"), seeks reversal of the circuit court's order that requires him to pay back child support accrued over a period of approximately 13 years. Following our review of the record and briefs, we reverse.

**I.**

In October of 1973, Schwab married Debra Kay Schwab. In December of 1974, Debra Kay Schwab gave birth to the couple's only child. The parties were divorced in December of 1979. Pursuant to the divorce decree, Schwab was ordered to pay $100.00 per month for child support.

Schwab left the State of West Virginia, eventually taking up residence in California, and had no contact with Debra Kay Schwab for approximately 19 years. No child support was paid.

Following her separation from Schwab, Debra Kay Schwab had more children. In February of 1998, Debra Kay Schwab sought financial assistance from the West Virginia Department of Health and Human Resources ("DHHR"). When the DHHR was made aware of the back child support owed to Debra Kay Schwab by the appellant, the DHHR filed a "Motion for Judgment for Posting a Bond to Guarantee Payment of Overdue Support and for a Status Conference Regarding Compliance with Support Order" in the 1979 divorce case between Debra Kay Schwab and Jeffrey William Schwab.

A copy of the motion was mailed to Schwab at a California address. Schwab contends that the address was incorrect. It is not clear from the record whether Schwab did receive notice of the motion, but Schwab eventually did learn of the motion and contacted an attorney in West Virginia to represent him. Schwab's attorney contacted the DHHR attorney and discussed a continuance of the scheduled hearing on the motion. The attorney for DHHR indicated he would not object to a continuance. However, no motion for a continuance was ever filed, and the

matter was heard before the family law master with neither Schwab nor his attorney present, even after the DHHR attorney advised the law master that he had agreed to a continuance with Schwab's attorney.

The family law master heard the testimony of Debra Kay Schwab and examined the 1979 divorce order. Following a review of the evidence, the family law master filed a recommended decretal judgment against Schwab for $34,697.08. The circuit court approved the recommended order and entered the same on August 18, 1998.

Upon receiving the family law master's recommended order, Schwab filed a petition for review before the circuit court. In his petition Schwab raised issues relating to, *inter alia,* procedural due process resulting from the law master's refusal to grant a continuance when the law master was advised by the DHHR attorney that he had agreed to a continuance with counsel for Schwab. The appellant also raised the defense of statute of limitations to at least part of the judgment. Schwab's petition for review was denied. The matter was then appealed to this Court.

## II.

The standard of review for orders from a family law master that are adopted by the circuit court was established in Syllabus Point 1, *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995), where we stated:

> In reviewing challenges to findings made by a family law master that were also adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

Schwab contends on appeal that the circuit court erred in failing to grant his petition for review. Schwab asserts that he did not receive proper notice of the hearing and that the applicable statute of limitations prevents judgment from being entered 10 years after the child support became due.

■ Essentially a default judgement was entered against Schwab in this matter. This Court has stated that "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syllabus Point 2, *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972).

A default judgment may be set aside under Rule 60(b) of the *West Virginia Rules of Civil Procedure* which provides, in pertinent part, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, or proceeding for the following reasons: ... (4) the judgment is void; ... (6) any other reason justifying relief from the operation of the judgment."

■ We have admonished courts that

> [a] court, in the exercise of discretion given it by the remedial provisions of *Rule* 60(b), W.Va. R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits.

Syllabus Point 6, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). We have further stated that "[t]he Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide the relief from onerous consequences of default judgments." Syllabus Point 2, *Parsons v. McCoy,* 157 W.Va. 183, 202 S.E.2d 632 (1973).

We must apply these principles of law to the facts of the case before us. In the instant case, there is some uncertainty about whether the appellees obtained proper service on the appellant. There is also some question as to whether the appellant's procedural due process rights were violated by the law master in declining to continue the original hearing when advised of the continuance agreement by counsel. We therefore believe that the "default decretal judgment" should be set aside.

 Additionally, the appellant contends that even if he were properly before the lower court, the claim for at least part of the back support is barred by the statute of limitations. We have held that the 10–year statute of limitation set forth in *W.Va.Code*, 38–3–18 [1923] is applicable to past child support payments. *See* Syllabus Point 6, *Robinson v. McKinney,* 189 W.Va. 459, 432 S.E.2d 543 (1993). The appellees are seeking child support payments from 1979 to 1992. The motion to enforce the accrued child support payments was filed in February 1998. Under *Robinson,* the appellees may only enforce support payments due after February 1988. The DHHR is statutorily barred from collecting any unpaid child support in this matter prior to February 1988.

We find that the circuit court abused its discretion in denying Schwab's petition.

### III.

For the forgoing reasons, the decision of the Circuit Court of Harrison County is reversed, and this matter remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

Judge FRED RISOVICH, II, sitting by special assignment.

Justice SCOTT did not participate.