624 S.E.2d 463

**Carolyn Sue HEDRICK (TAYLOR),**
**Plaintiff Below, Appellee**

v.

**David Wayne HEDRICK, Defendant**
**Below, Appellant**

No. 32571.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 14, 2005.

Decided Nov. 17, 2005.

Kimberly D. Bentley, Charleston, for the Appellee, Bureau of Child Support Enforcement.

David W. Hedrick, Appellant, Pro Se.

Carolyn Sue Hedrick (Taylor), Appellee Pro Se.

PER CURIAM:

This is an appeal by David Wayne Hedrick (hereinafter "Appellant") from an order of the Circuit Court of Kanawha County holding that a child support arrearage collection was not barred by the ten-year statute of limitations. On appeal, the Appellant maintains that the lower court incorrectly determined that the statute of limitations did not bar the action against him. · Upon thorough review of the record, the briefs, and applicable precedent, this Court reverses the decision of the Circuit Court of Kanawha County.

I. Factual and Procedural History

The Appellant and his former wife, Carolyn Hedrick, were divorced by order entered on June 18, 1975. In that June 18, 1975, order, child support of $150.00 monthly was granted for the benefit of the parties' two sons, the younger of whom reached the age of majority on July 17, 1988. The record reflects that various attempts were made between 1975 and the present to collect child support from the Appellant. On October 8, 1985, for instance, a suggestee execution was issued in an attempt to collect the owed child support. In 1989, three income withholding notices were sent to the Appellant. Prior to June 1990, the Appellant relocated to the State of Florida, and attempts to obtain federal and state tax refund offsets were made at least seven times from 1989 to 2001. The calculations contained in the record reflect that the Appellant was in arrears in the payment of child support by $67,483.07, including interest, from June 1, 1975, to October 31, 2002.

On January 15, 2002, the West Virginia Bureau for Child Support Enforcement (hereinafter "Bureau") issued a wage withholding order to obtain the child support arrearage. The Appellant sought relief from that wage withholding order, and on December 10, 2002, an order was issued by the Family Court of Kanawha County holding that the statute of limitations barred enforcement of the wage withholding order against the Appellant. The Family Court reasoned that "[t]he entire notion of administrative collection attempts, such as wage with holding [sic] and tax intercepts, are new to the law and are not on the same level as a court-sanctioned collection attempts, such as a writ of execution or a suggestion."

The Bureau and Mrs. Taylor appealed that determination to the Circuit Court of Kanawha County. On June 16, 2003, the Circuit Court reversed the Family Court order, reasoning that the Bureau "has taken enforcement action through income withholding and income tax refund intercept, and that there was never a 10–year period within which collection efforts were not made." Further, the Circuit Court held that the Appellant had not properly pled or raised the statute of limitations defense. On March 15, 2005, this Court granted the Appellant's petition for appeal from the Circuit Court order.

II. Standard of Review

 In examining the Circuit Court's order currently on appeal, this Court has consistently been guided by the rule that "[t]his Court reviews the circuit court's final

order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). Utilizing that standard of review, we examine the issues presented sub judice.

## III. Discussion

### A. The Statute of Limitations

The statute of limitations governing the execution of judgment is found at West Virginia Code § 38–3–18 (1923) (Repl. Vol. 1997), and provides as follows:

> On a judgment, execution may be issued within ten years after the date thereof. Where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an officer or which has been returned unsatisfied. An action, suit or scire facias may be brought upon a judgment where there has been a change of parties by death or otherwise at any time within ten years next after the date of the judgment; or within ten years from the return day of the last execution issued thereon on which there is no return by an officer or which has been returned unsatisfied. But if such action, suit or scire facias be against the personal representative of a decedent, it shall be brought within five years from the qualification of such representative.

### B. *Shaffer v. Stanley*

Approximately five months after the issuance of the lower court's order in this matter, this Court encountered a remarkably similar case and issued an opinion in *Shaffer v. Stanley,* 215 W.Va. 58, 593 S.E.2d 629 (2003). In *Shaffer,* released on November 26, 2003, this Court held that administrative actions to obtain child support payments, such as the tax refund intercepts attempted in the present case, do not act to toll the running of the statute of limitations. In *Shaffer,* a former husband had sought to terminate social security withholding by the Bureau of Child Support Enforcement for collection on judgment for support arrearages. In addressing the arguments raised in that case, this Court reiterated the principle that "when a provision for periodic payments of child support is made in a divorce decree, these installments become decretal judgments as they become due." 215 W.Va. at 63, 593 S.E.2d at 634. In syllabus point six of *Robinson v. McKinney,* 189 W.Va. 459, 432 S.E.2d 543 (1993), this Court had previously clarified that "[t]he ten-year statute of limitations set forth in *W.Va.Code,* 38–3–18 [1923] and not the doctrine of laches applies when enforcing a decretal judgment which orders the payment of monthly sums for alimony or child support."

The *Shaffer* Court reasoned that "[a] comparison of the traditional definition of and procedure for the execution of a judgment with the provisions for tax offsets indicates to this Court that a tax offset is not an execution...." 215 W.Va. at 65, 593 S.E.2d at 636. A tax offset, the *Shaffer* Court explained, "does not involve a process of the court that results in the issuance of a judicial writ." *Id.* at 65, 593 S.E.2d at 636. "Rather, a tax offset is a purely administrative action initiated and carried out by executive agencies." *Id.*[1] The *Shaffer* Court ultimately concluded that the Bureau's attempts to in-

1. We note that while the Bureau did issue a suggestee execution in 1985, any tolling of the statute of limitations which may have been effected by that means would only have extended the period by ten years, to 1995, and does not affect the outcome of this appeal wherein the Bureau began wage withholding in January 2002. The Appellant has indicated in his brief that he has no knowledge of the suggestee execution, has never been informed of the existence of that suggestee execution, and has no knowledge of enforcement of that execution. Moreover, it is noted by this Court that a suggestee execution is void if there is no underlying execution ordered. *See* W. Va.Code § 38–5A–3 (1979) (Repl. Vol. 1997); *Rorrer v. Murphy,* 124 W.Va. 1, 18 S.E.2d 581 (1942) (holding that prohibition would lie to prevent enforcement of suggestee execution in absence of issuance and return of execution wholly or partly unsatisfied). The record contains no clear indication of whether the 1985 suggestee execution was valid in this case. As stated above, even a valid suggestee execution in 1985 would not have extended the period to 2002 when the wage withholding under investigation in this case was initiated.

tercept the former husband's income tax refunds did not constitute an execution, for purposes of tolling ten-year limitations period to collect on judgment.[2] Specifically, in syllabus point five of *Shaffer*, this Court explained as follows:

> The procedure utilized by the Bureau for Child Support Enforcement to obtain payment of past due child support from Federal and State tax refunds from overpayments made to the Secretary of the Treasury of the United States or the State Tax Commissioner, as provided for in W.Va.Code § 48–18–117 (2001) and W.Va. Code § 48–18–118 (2001), does not constitute an execution of a judgment under W.Va.Code § 38–3–18 (1923) for the purpose of tolling the ten-year limitation period for the execution of an issuance on a judgment.

Utilizing the reasoning enunciated in *Shaffer*, this Court finds that the administrative actions to obtain child support payments in the present case did not serve to toll the running of the statute of limitations.

### C. Appellant's Assertion of Statute of Limitations Defense

The Bureau also advances the argument that it is inappropriate to allow the statute of limitations to bar an action against the Appellant since the Appellant did not properly plead a statute of limitations defense. We find that this argument does not withstand scrutiny. The Appellant did indeed raise the issue of the statute of limitations, albeit informally, with the Bureau on May 5, 1999. The Appellant raised that issue again on September 20, 2002, in a letter to the Family Court. In the September 20, 2002, letter, the Appellant specifically noted the statute of limitations issue, explaining that "because no official action had ever been taken by the WVBCSE and due to the statute of limitations, I thought there was no legal merit to it...." The Bureau also asserted that the statute of limitations had been insufficiently raised in *Shaffer*, and this Court determined that "Mr. Stanley's raising of the statute of limitation defense was not so untimely as to constitute waiver." 215 W.Va. at 67, 593 S.E.2d at 638.

### D. Residence Outside West Virginia

The Bureau further asserts that the statute of limitations should have been tolled during the period in which the Appellant resided out of the State of West Virginia, pursuant to West Virginia Code § 55–2–17 (1923) (Repl. Vol. 2000).[3] This Court has previously clarified, however, that where a defendant is amenable to service of process, his absence form the jurisdiction does not toll the statute of limitations. *See Gray v. Johnson*, 165 W.Va. 156, 267 S.E.2d 615 (1980) (holding that statute of limitations for personal injury suit is not tolled by absence from state of defendant who is amenable to service by terms of nonresident motorist statute where plaintiff has address for nonresident motorist). The lower court initially

---

**2.** The *Shaffer* Court recognized the existence of other cases in which actions other than executions had been deemed to toll the statute of limitations and specifically held that such cases were not dispositive "because these cases are completely devoid of any analysis or citation of authority to support such a proposition." 215 W.Va. at 65, 593 S.E.2d at 636 (citing *Robinson v. McKinney*, 189 W.Va. 459, 463, 432 S.E.2d 543, 547 (1993); *Clay v. Clay*, 206 W.Va. 564, 568, 526 S.E.2d 530, 534 (1999); and *State ex rel. DHHR Schwab v. Schwab*, 206 W.Va. 551, 554, 526 S.E.2d 327, 330 (1999)).

**3.** West Virginia Code § 55–2–17 provides as follows:

> Where any such right as is mentioned in this article shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, or if such right has been or shall be hereafter obstructed by war, insurrection or rebellion, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted. But if another person be jointly or severally liable with the person so obstructing the prosecution of such right, and no such obstruction exist as to him, the exception contained in this section as to the person so absconding shall not apply to him in any action or suit brought against him to enforce such liability. And upon a contract which was made and was to be performed in another state or country, by a person who then resided therein, no action shall be maintained after the right of action thereon is barred either by the laws of such state or country or by the laws of this State.

ordering the child support in the present matter would have retained continuing jurisdiction under West Virginia Code § 48–11–105 (2001) (Repl. Vol. 2004)[4] to modify its original order as to alimony and child support, as the altered circumstances of the parties and the needs of the children may have required. In syllabus point six of *In re Estate of Hereford*, 162 W.Va. 477, 250 S.E.2d 45 (1978), this Court succinctly asserted that "[c]hild support is always subject to continuing judicial modification." *See also Acord v. Acord*, 164 W.Va. 562, 264 S.E.2d 848 (1980) (holding that circuit court vested with continuing jurisdiction to reopen judgment and modify decree). In *Carter v. Carter*, 198 W.Va. 171, 479 S.E.2d 681 (1996), this Court noted that a circuit court "is vested with continuing jurisdiction to modify its original order regarding child support . . . , as the circumstances of the parties or the welfare of the children may require." 198 W.Va. at 177 n. 10, 479 S.E.2d at 687 n. 10.

With specific reference to the child support collection issue, other jurisdictions have specified that the statute of limitations is not tolled by absence from the State where the court retains continuing jurisdiction over the person owing child support. *See Stonecipher v. Stonecipher*, 131 Idaho 731, 963 P.2d 1168, 1173 (Id.1998) (holding that defendant is not considered absent from the State where jurisdiction over defendant may be had under long arm statute); *Brown v. Vonsild*, 91 Nev. 646, 541 P.2d 528, 531 (1975) (holding that statute of limitations was not tolled by absence of nonresident divorced husband where he was "continuously subject" to service in original divorce proceedings).

Based upon the foregoing, this Court finds that the absence of the Appellant from the State did not toll the running of the statute of limitations.

### E. Refund to the Appellant

Based upon this Court's conclusion that the Appellant's funds were withheld without legal basis, the Appellant is entitled to a refund from the Bureau in an amount equal to the funds improperly withheld.[5] In *Shaffer*, this Court addressed the refund issue and explained that the Legislature has provided specific procedures whereby obligors may contest income withholding. *See* W.Va. Code § 48–14–405 (2001) (Repl. Vol. 2004). The Legislature has also directed that "[t]he [West Virginia Support Enforcement] commission shall, by administrative rule, establish procedures for promptly refunding to obligors amounts which have been improperly withheld . . . ." W.Va.Code § 48–14–407(b) (2002) (Repl. Vol. 2004). The *Shaffer* Court referenced these administrative rules, recognizing that the Child Advocate Office is required to arrange a refund of the amount improperly withheld. 215 W.Va. at 69, 593 S.E.2d at 640. The *Shaffer* Court concluded as follows:

> It is clear from the above that the Legislature has manifested an intent that the BCSE repay funds which were improperly withheld from an obligor's income. It is equally clear that the BCSE has recognized that it has such a duty. Moreover, simple fairness dictates that when a government entity exercises its considerable power to obtain a portion of an obligor's income through force of law, it cannot escape all responsibility when its actions result in an overpayment by the obligor. Accordingly, we conclude that the BCSE is liable to an obligor for repayment when it

---

**4.** West Virginia Code § 48–11–105 provides, in pertinent part, as follows:

(a) The court may modify a child support order, for the benefit of the child, when a motion is made that alleges a change in the circumstances of a parent or another proper person or persons. A motion for modification of a child support order may be brought by a custodial parent or any other lawful custodian or guardian of the child, by a parent or other person obligated to pay child support for the child or by the bureau for child support enforcement of the department of health and human resources of this state.

(b) The provisions of the order may be modified if there is a substantial change in circumstances. If application of the guideline would result in a new order that is more than fifteen percent different, then the circumstances are considered a substantial change.

**5.** The Appellant has indicated that approximately $6,000.00 has been illegally withheld. That amount can be determined with specificity upon remand.

improperly withholds funds from his or her income.

*Id.*

The Bureau directs this Court's attention to recent changes to West Virginia Code § 29–12–5 (2004), made subsequent to the issuance of this Court's opinion in *Shaffer,* clarifying that the Board of Risk Management is not required to provide an all-inclusive policy for any state agency. The Bureau maintains that since it was engaged in a good faith action to collect support, there should be no refund to the Appellant for funds already withheld. We find, however, that the expressed public policy of this State is to provide prompt refunds of amounts illegally obtained from obligors. We find no merit to the Bureau's arguments that a refund should not be ordered in this case.

### IV. Conclusion

Based upon the foregoing analysis, this Court concludes that the statute of limitations bars the collection of child support originally granted in the divorce and child support order entered in 1975. As the *Shaffer* Court clarified, intervening attempts to collect child support, such as attempts to obtain the obligor's tax refunds, do not constitute executions for purposes of tolling the ten-year statute of limitations. The youngest son reached his age of majority in 1988, and this action was not initiated until fourteen years later, in 2002. No intervening attempt to collect child support served to toll the statute of limitations; consequently, the statute of limitations bars the wage withholding attempted in this case. We reverse the order of the Circuit Court of Kanawha County and remand this case for a determination of the amount of refund owed to the Appellant.

Reversed and remanded with directions.