# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard Pauley, Petitioner Below,**
**Petitioner**

**vs)     No. 14-0933** (Kanawha County 78-977)

**Connie Jean Walker and West Virginia Dept. of Health**
**and Human Resources, Bureau of Child Support**
**Enforcement, Respondents Below,**
**Respondents**

**FILED**

**November 5, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard Pauley, appearing pro se, appeals an order from the Circuit Court of Kanawha County, West Virginia, entered on August 18, 2014, that affirmed an August 13, 2013, order of the Family Court of Kanawha County.  In its order, the family court granted a decretal judgment of $47,462.63 for past due child support, plus interest, and directed petitioner to make arrearage payments of $150 per month. Respondent Connie Walker,[1] appearing pro se, filed a response.  Respondent BCSE, by counsel Dee-Ann Burdette, filed a response. Petitioner filed a reply.

On appeal, petitioner raises eleven assignments of error.[2]  We address the errors as

---

[1]Connie Walker was formerly known as Connie Jean Pauley.  She changed her name shortly after filing her request for services with the West Virginia Department of Health and Human Resources, Bureau of Child Support Enforcement ("the BCSE").  She will be referred to as Ms. Walker throughout this opinion.

[2]The pro se petitioner's assigned errors are redundant and, at times, difficult to understand.  We, therefore, address the main grounds, combining those that are duplicative, that petitioner reiterates throughout his brief as supporting his request for a reversal of the circuit court. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly."); *see also Franklin v. Pence*, 128 W. Va. 353,  356, 36 S.E.2d 505, 508 (1945) (recognizing that the assignments of error were general in nature making it "difficult to determine the exact points relied upon for reversal[,]" and causing the Court to
(continued...)

1

follows: 1) whether the BCSE is representing Ms. Walker in contravention of West Virginia Code § 48-18-110(b) (2014), which provides, in pertinent part, that the counsel for the BCSE represents the State's interest or the BCSE's interest and "not the interest of any other party[;]" 2) whether the testimony of Ms. Walker was sufficient to support the original decretal judgment entered on March 11, 2005; 3) whether the circuit court erred in determining that the mailing of the notice for the March 1, 2005, hearing to petitioner at his last known address in Florida constituted "good service;" 4) whether petitioner is precluded from arguing that the statute of limitations barred Ms. Walker from obtaining the first decretal judgment on March 11, 2005; 5) whether the family court erred in not ruling on a September 2, 2010, motion for a continuance of a September 14, 2010, hearing because the motion, while not filed until September 30, 2010, was received by the BCSE the day before the hearing; and 6) whether petitioner's retained counsel was ineffective at the July 23, 2013, hearing.

After carefully reviewing the record provided, the briefs and oral arguments of the parties, and taking into consideration the relevant standard of review, the Court determines that the circuit court committed no error. Based on our decision that this case does not present a new question of law, a memorandum decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

By order entered on July 6, 1978, petitioner and Ms. Walker were divorced and Ms. Walker was awarded custody of their two children.[3] In the divorce order, the circuit court set petitioner's child support obligation at $160 per month.[4] According to the BCSE's brief,

---

[2](...continued)
rely upon "statements in the brief" that were "considered as indicating the main grounds of attack upon the judgment"); *State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227, 423 S.E.2d 624, 630 (1992) (recognizing that "'[w]hen a litigant chooses to represent himself, it is the duty of the trial court [and this Court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party . . . .'") (citation omitted).

[3]Ms. Walker indicated in her response and during oral argument that she never received any support from petitioner. Petitioner never spoke with his children on the telephone, never sent them Christmas or birthday cards and did not come to, or contribute any money towards, one of his son's funeral.

[4]According to the record, Petitioner's child support was reduced to $80 per month when his oldest child turned eighteen years old. The parties' youngest child attained the age
(continued...)

"as the state agency responsible for establishing and enforcing support obligations, [the BCSE] was established in 1986, and began assisting Connie Jean Walker at that time."[5] *See* W. Va. Code § 48A-2-1 (1996) (establishing West Virginia Child Advocate Office for purpose of enforcing child support orders) (repealed) and W. Va. Code §§ 48-18-101 (2014) (establishing Bureau for Child Support Enforcement in 1995).

On July 21, 2004, the BCSE filed a motion in family court to determine petitioner's arrearage and a motion for a decretal judgment. On January 7, 2005, the BCSE mailed petitioner a notice of a hearing that was set for March 1, 2005, regarding the BCSE's motions. The notice was mailed to petitioner's last known address, which was 2416 S.W. 5th Terrace Apartment 2, Cape Coral, Florida,[6] both by certified mail and first class mail. The certified mail was subsequently returned and was marked "unclaimed." The first class mail, however, was not returned. Ms. Walker and the BCSE appeared at the March 1, 2005, hearing; however, petitioner did not. The BCSE presented the 1978 order and other records from the BCSE showing the arrearage amounts owed by petitioner in support of its motion. The family court also heard testimony from Ms. Walker and, based upon all the evidence, awarded her a decretal judgment of $35,445.86 for past due child support plus interest. In its March 11, 2005, order, the family court did not set a monthly arrearage payment, but authorized wage withholding to begin.

According to petitioner, he did not learn of the March 11, 2005, judgment until 2008 when wage withholding began. In 2008, petitioner retained an attorney, who filed a Petition to Determine Support Owed, Demand for Accord and Satisfaction and Removal of Arrears. Petitioner and the BCSE appeared for a hearing on that petition on April 14, 2009. Following the hearing, by order entered April 29, 2009, the family court denied the petition. In its order, the family court: 1) rejected petitioner's argument that a 1979 order from the Circuit Court of Marion County that indicated the child support was modified to $50 per month controlled the amount of arrearage; 2) rejected petitioner's argument that he did not receive notice of the March 1, 2005, hearing that led to the decretal judgment; 3) rejected petitioner's argument that the statute of limitations barred the 2005 judgment; and 4) found

---

[4](...continued)
of majority on December 18, 1994.

[5]The BCSE represented to the circuit court and the circuit court found in its August 18, 2014, order that Ms. Pauley had completed an application for services with the Department of Health and Human Services ("DHHS"). *See* West Virginia Code §§ 9-3-1 to -5 (2012) (establishing application for and granting of assistance with the DHHS).

[6]Petitioner admitted in oral argument that this last known address was correct.

that res judicata applied, which precluded the family court from setting aside the March 11, 2005, order.

Petitioner appealed the family court's April 29, 2009, order denying him relief from the March 11, 2005, decretal judgment to the circuit court. By order entered on July 14, 2009, the circuit court denied petitioner's appeal of the family court's April 29, 2009, order. Significantly, petitioner did not seek review of the circuit court's denial of the appeal in this Court. Petitioner, however, did file separate motions for reconsideration in the circuit court and in the family court on August 21, 2009. The circuit court denied the motion on September 29, 2009, and the family court denied the motion on October 1, 2009. Petitioner did not appeal either of these denials.

On December 21, 2009, petitioner, by counsel, filed a motion to dismiss in family court.[7] Petitioner took no action on his motion for nine months. On August 24, 2010, the BCSE filed a notice of a status hearing that was scheduled for September 14, 2010. Petitioner wrote the family court a letter dated September 2, 2010, requesting a continuance of the status hearing; however, the letter was not filed with the court until September 30, 2010. The family court held the September 14, 2010, status hearing, and on September 21, 2010, entered an order that noted petitioner's non-appearance at the hearing and ruled that all prior orders of the court remained in full force and effect.[8]

On January 3, 2011, the family court granted a motion by the BCSE for Regions Bank to disburse to it $291.43 that petitioner had in his bank account. On January 25, 2011, petitioner filed a motion requesting that the BCSE cease and desist its collection efforts.

The case laid dormant for over two years. On May 17, 2013, the family court scheduled a status hearing for July 23, 2013. Petitioner retained a new attorney and appeared

---

[7]On September 8, 2010, petitioner's attorney filed a motion to withdraw, which the family court granted.

[8]Petitioner complains that the family court never ruled on his motion to continue the September 14, 2010, hearing, stating that the motion, while not filed with the family court until September 30, 2010, was received by the BCSE one day prior to that hearing. We find petitioner's argument is without merit. It is of no consequence that the BCSE received petitioner's letter a day before the hearing as the decision to grant a continuance lies with the court. Further, Rule 19 of the West Virginia Rules of Practice and Procedure for Family Court requires a motion to continue be filed with the court "not less than seven days before the hearing." That did not occur in this case as the record shows that the motion was not filed with the family court until after the hearing occurred.

for the July 23, 2013, hearing, while Ms. Walker appeared pro se. By order entered on August 8, 2013, the family court awarded Ms. Walker a judgment of $47,462.63 for past due child support, plus interest, and directed petitioner to make payments towards his arrearage in the amount of $150 per month.

Petitioner appealed the family court's August 8, 2013, order. On September 12, 2013, the circuit court refused the appeal as untimely filed. On October 11, 2013, petitioner appealed to this Court. On April 22, 2014, we entered an order that found that the appeal was timely and, therefore, remanded the case to the circuit court with directions to consider the appeal.

On June 19, 2014, the circuit court, upon remand, held the matter in abeyance so that the parties could attempt to reach a settlement of the issues. No settlement was reached and on July 16, 2014, the circuit court scheduled a hearing in which the BCSE appeared by counsel, petitioner appeared pro se and Ms. Walker appeared pro se.

By order entered August 18, 2014, the circuit court affirmed the family court's August 8, 2013, order. The circuit court found that: 1) the BCSE was authorized to appear and collect petitioner's arrearage payments because Ms. Walker submitted "[an] application for services;" 2) the mailing of the notice for the March 1, 2005, hearing to the petitioner's last known address "constituted good service," pursuant to West Virginia Code § 48-18-122 (2014) and West Virginia Rule of Civil Procedure 5; 3) petitioner failed to appear at the March 1, 2005, hearing and a decretal judgment in the amount of $35,445.86 was entered against him on March 11, 2005; and 4) petitioner failed to appeal the July 14, 2009, and September 30, 2009, orders of the circuit court, which denied petitioner's appeal of family court orders refusing to set aside the March 11, 2005.[9] The circuit court determined that it was "bound by the doctrine of res judicata as the matters at issue were fully litigated in the [Family] Court below and the Circuit Court and an appeal was not timely taken."

Petitioner now appeals the circuit court's August 18, 2014, order affirming the family court's August 13, 2013, order. We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge
> upon a review of, or upon a refusal to review, a final order of a
> family court judge, we review the findings of fact made by the

---

[9]The family court again rejected petitioner's argument that the statute of limitation precluded the entry of the 2005 decretal judgment and refused petitioner's argument that the 1979 Marion County order controlled.

5

family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

Petitioner first argues that the BCSE is representing Ms. Walker in contravention of West Virginia Code § 48-18-110(b), which provides, in pertinent part, that counsel for the BCSE represents the State's interest or the BCSE's interest, "and not the interest of any other party." The BCSE counters that while it represents only the State, it may appear and collect petitioner's arrearage payments because Ms. Walker applied for such services as provided by law. *See* W. Va. Code § 9-3-5; 45 C.F.R. § 302.33(a)(1)(i). Petitioner, however, contends that the application proving that Ms. Walker sought the BCSE's services is not found in the record. Based on our review of the July 16, 2014, hearing transcript, we find that the BCSE's counsel made a proffer to the circuit court that Ms. Walker had submitted an application for services. Petitioner did not object to the proffer or request that the application be introduced into evidence at the time the proffer was made. Because petitioner neither objected to the proffer nor requested that the application be made part of the record below, petitioner is precluded from now arguing for the first time on appeal that the absence of an application proves that the BCSE may not appear in this case. *See* Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996) ("To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect."). Further, the record demonstrates that the BCSE was not representing Ms. Walker at any of the proceedings below; rather, the record indicates that Ms. Walker was pro se. Therefore, we find that the circuit court did not err in determining that the BCSE had authority to act on behalf of the State based upon Ms. Walker's application for services.

Second, petitioner challenges the sufficiency of the evidence introduced before the family court at the March 1, 2005, hearing, which resulted in the March 11, 2005, decretal judgment against him.[10] Petitioner contends that the family court improperly used the 1978

_____

[10]Petitioner also complains that there was no proof submitted by the BCSE of any arrearage amount to support the judgment against him. The record indicates otherwise. The 1978 Kanawha County order was presented to the family court in support of the child support judgment entered against petitioner in 2005. The BCSE also proffered to the court the amount of arrears petitioner owed. Ms. Walker, as the obligee, also confirmed through her sworn testimony the arrearage amount petitioner owed. Thus, we find no merit to petitioner's

(continued...)

divorce decree instead of a 1979 Marion County order modifying the amount petitioner was to pay in child support. According to petitioner, due to an order entered in 1979 by the Circuit Court of Marion County, his child support obligation was reduced to $50 per month.[11] The case was apparently transferred to the Circuit Court of Marion County pursuant to the then Revised Uniform Reciprocal Enforcement of Support Act ("Act"),[12] which is no longer in effect,[13] for the purpose of enforcing the March 17, 1978, order of the Circuit Court of Kanawha County setting child support at $160 per month. Petitioner cites to no provision of the repealed Act that allowed the responding court (Marion County) to modify the order of the transferring court (Kanawha County). We, therefore, disregard petitioner's argument that the Marion County order was the controlling order at the time the 2005 judgment was entered. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (providing that arguments without appropriate citation to pertinent authority are not considered). Moreover, petitioner does not dispute that the Marion County order was not made part of the record in the instant Kanawha County case until 2009 when his attorney filed it as part of the petitioner's arguments that the March 11, 2005, judgment should be vacated. In 2009, the family and circuit courts rejected petitioner's argument that the 1979 order was controlling and there was no appeal from those 2009 orders to this Court. Consequently, we find no error in the circuit court's application of the doctrine of res judicata as a basis for denying the petitioner's appeal.

Petitioner also challenges the circuit court's determination that the mailing of the notice for the March 1, 2005, hearing to petitioner's last known address of 2416 S.W. 5th Terrace Apartment 2, Cape Coral, Florida, "constituted good service." The BCSE counters that the circuit court correctly found that petitioner was properly served with the notice of the hearing, at which the first decretal judgment was entered, pursuant to both state statute and this Court's rules. *See* W. Va. Code § 48-18-122(c) (upon a showing by BCSE that diligent effort was made to "ascertain the location of a party by delivery of written notice by certified mail, return receipt requested" to party's most recent residential mailing address creates

---

[10](...continued)
argument on this issue.

[11]Ms. Walker indicated that she had no knowledge of the 1979 proceeding in Marion County.

[12]*See* W. Va. Code §§ 48-9-1 to -42 (1972) (setting forth West Virginia's Revised Uniform Reciprocal Enforcement of Support Act in effect at the time the case was transferred to Marion County from Kanawha County).

[13]This Act was repealed by the Legislature in 1986.

presumption that requirements for notice have been met); W. Va. R. Civ. P. 5(b) (providing for service of written notice of hearing by mailing to party at party's last known address). Petitioner acknowledges that notice of the March 1, 2005, hearing was delivered to the above address and does not dispute that the address above was his last known address at the time. Nevertheless, petitioner claims that he did not get notice of the hearing. We find petitioner's position untenable. We, therefore, conclude that the circuit court correctly determined that the manner in which the BCSE served petitioner with notice of the March 1, 2005, hearing constituted "good service."

Petitioner next argues that the statute of limitations[14] barred Ms. Walker from obtaining the first decretal judgment on March 11, 2005, because that judgment was based on an order from 1978.[15] The BCSE counters that because petitioner did not appeal to this Court either the March 11, 2005, judgment or the adverse lower court rulings from the 2009 proceeding, during which he raised the statute of limitations, he may not argue it now. We agree with the BCSE. As we have previously stated, "[i]ssues not raised on appeal or merely mentioned in passing are deemed waived." *See Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W. Va. 135, 140 n.10, 506 S.E.2d 578, 583 n.10 (1998). Moreover, "*[r]es judicata* or claim preclusion 'generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or the issues that could have been decided in the earlier action.'" *Beahm v. 7-Eleven, Inc.,* 223 W. Va. 269, 272-73, 672 S.E.2d 598, 601-02 (2008) (quoting, in part, *State v. Miller,* 194 W. Va. 3, 9, 459 S.E.2d 114, 120 (1995)). Therefore, petitioner may not now argue that West Virginia Code § 38-3-18 barred the entry of the decretal judgment in 2005. We conclude that the circuit court did not err in affirming the family court's August 13, 2013, order wherein the family court refused to revisit the March 11, 2005, judgment.[16]

---

[14]The applicable statute of limitations governing the enforcement of judgments is ten years as set forth in West Virginia Code § 38-3-18 (1923). In 2008, the Legislature amended West Virginia Code § 38-3-18 (2011) to add a specific subsection pertaining to child support orders; however, because the decretal judgment in this case was entered on March 11, 2005, the pre-2008 version of West Virginia Code § 38-3-18 controls.

[15]*See Hedrick (Taylor) v. Hedrick*, 218 W. Va. 116, 119, 624 S.E.2d 463, 466-67 (2005) (allowing statute of limitations to be raised informally rather than pleaded as an affirmative defense); *Shaffer v. Stanley*, 215 W. Va. 58, 66-67, 593 S.E.2d 629, 637 (2003) (allowing statute of limitations to be raised in hearing).

[16]Petitioner raises for the first time on appeal, that there was a "lack of representation, as well as inaccurate and harmful statements given as truths by . . . [his] counsel at . . . [the]
(continued...)

8

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm its August 18, 2014, order affirming the August 13, 2013, order of the Family Court of Kanawha County in which the family court awarded an updated judgment of $47,462.63 for past due child support, plus interest, and directed petitioner to make arrearage payments of $150 per month.

Affirmed.

ISSUED: November 5, 2015

CONCURRED IN BY:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[16](...continued)
July 23, 2013," hearing before the family court. Petitioner offers that he felt compelled to "alert this Court" of certain alleged factual inaccuracies in the record below. Petitioner does not request relief from this Court for the alleged ineffectiveness of his counsel. Further, assuming, arguendo, that petitioner is seeking relief from the alleged "lack of representation," he offers no authority as support for the relief he seeks. We find that this argument is not adequately supported and, accordingly, decline to address it. *See* W. Va. R. App. P. 10.

9