# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: The Marriage of:**

**Joel K.,**
**Respondent Below, Petitioner**

**vs)  No. 16-0883** (Harrison County 09-D-358-5)

**Tina K.,**
**Petitioner Below, Respondent**

**FILED**

**September 1, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joel K.,[1] pro se, appeals the August 25, 2016, order of the Circuit Court of Harrison County refusing his appeal from two orders of the Family Court of Harrison County. In the first order, entered on May 27, 2016, the family court granted a motion filed by Respondent Tina K. to compel petitioner to pay the remainder of an equitable distribution award of $9,091.61, plus 7% interest per annum. In the second order, also entered on May 27, 2016, the family court granted a motion filed by Respondent Tina K. to compel petitioner to pay an award of spousal support of $12,000, plus 7% interest per annum. Respondent, by counsel Gregory H. Schillace, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married in 1994 and had two children together. On July 10, 2009, respondent filed a petition for a divorce and a motion for pendente lite support, which is temporary support for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

the recipient spouse during the pendency of the proceedings.[2] Following hearings on July 15, 2009, and August 10, 2009, the family court granted respondent's motion and ordered petitioner to pay her the net amount of $660 per month in temporary spousal support by order entered on August 20, 2009.[3]

Following a subsequent hearing on September 8, 2009, the family court found that petitioner was paying his attorney's fees, of $7,657, out of a jointly-held checking account that was ordered frozen by an order entered on September 2, 2009. Accordingly, the family court directed payment of respondent's attorney's fees out of the same account, in the amount of $7,500, by order entered on September 22, 2009.

Subsequently, the family court entered the decree of divorce on April 30, 2012, which again ordered payment of respondent's attorney's fees. The family court ordered petitioner to make the following additional payments to respondent:

- $796.97 per month in child support beginning on September 1, 2012, at which time the parties' children would start spending equal time with each parent.

- $23,251.65 to equalize the distribution of marital assets and debts between the parties in monthly installments of $1,000 beginning on April 1, 2012.

- A one-time, lump sum payment of $12,000 in spousal support based on findings that respondent forewent employment opportunities during the parties' marriage to rear their children and that, following the parties' divorce, respondent would have a need for housing because the marital home was awarded to petitioner.

In recognition of petitioner's obligations to pay "equitable distribution payments, spousal support[,] and child support," the family court denied respondent's motion for additional attorney's fees. The family court further permitted petitioner to satisfy the one-time, lump sum payment of $12,000 in spousal support by paying monthly installments of $500 beginning after the last equitable distribution payment.

---

[2]We have previously found that "the purpose of temporary or *pendente lite* [spousal support] is to provide for the maintenance of the recipient party during the pendency of the divorce proceedings." *Clay v. Clay*, 206 W.Va. 564, 567, 526 S.E.2d 530, 533 (1999) (per curiam) (quoting *Sellitti v. Sellitti*, 192 W.Va. 546, 549, 453 S.E.2d 380, 383 (1994) (per curiam)).

[3]During the pendency of the proceedings, respondent owed petitioner $340 per month in child support. The family court allowed petitioner to deduct respondent's monthly child support obligation from his obligation to pay her $1,000 per month in temporary spousal support for a net payment from petitioner to respondent of $660 per month.

Petitioner appealed the April 30, 2012, decree of divorce to the circuit court. Relevant to this appeal, petitioner sought clarification of whether the family court ordered an additional $7,500 payment to respondent for her attorney's fees, disputed the equitable distribution ordered by the family court, and objected to his obligation to pay spousal support at the same time that he was required to pay child support. In an order entered on March 22, 2013, the circuit court found that the decree of divorce reiterated the 2009 directive to pay respondent's attorney's fees and that the family court gave petitioner credit for already making the $7,500 payment on the equitable distribution chart attached to the decree.[4]

With regard to the equitable distribution, the circuit court agreed with the family court's finding that all credit card debt was marital debt, except for a single $3,000 charge by respondent after the parties' 2009 separation to pay her attorney's fees. Accordingly, the circuit court gave petitioner a $3,000 credit on the equitable distribution chart for that post-separation charge. The circuit court further found that the equitable distribution chart did not accurately reflect that, in the decree of divorce, the family court ordered the equal division of the mineral rights owned by the parties, which amounted to another $5,000 credit for petitioner. Accordingly, the circuit court reduced the equitable distribution payment owed by petitioner to respondent from $23,251.65 to $15,251.65. Finally, with regard to petitioner's objection to his obligation to pay spousal support at the same time he was required to pay child support, the circuit court found that, if petitioner believed that a modification in child support was warranted, he could file a petition for such a modification. Therefore, except for the reduction in the equitable distribution payment owed by petitioner, the circuit court affirmed the family court's decree of divorce.

Petitioner appealed the circuit court's equitable distribution rulings to this Court, but did not raise any issue with regard to either spousal support or child support. In *Joel K. v. Tina K.*, No. 13-0407, 2014 WL 1272542 (W.Va. March 28, 2014) (memorandum decision),[5] petitioner explained in his brief that he filed a petition for modification of child support and "[t]he family court did reduce the child support [obligation]." With regard to the equitable distribution, this Court affirmed the circuit court's rulings and adopted and incorporated that court's March 22, 2013, order. *Id.* at *5.

Subsequently, on August 28, 2015, the family court held a hearing on motions filed by respondent to compel petitioner to pay the equitable distribution and spousal support payments owed to her pursuant to the April 30, 2012, decree of divorce. In its first order, entered on May 27, 2016, the family court found as follows:

In accordance with the memorandum decision [in *Joel K.*]; [the] decree of

---

[4] The parties' jointly-held checking account had $32,492 at the time of the parties' separation. On the equitable distribution chart, the family court gave petitioner possession of the account (totaling $25,992) and put the $7,500 payment out of that account for respondent's attorney's fees in respondent's column.

[5] We take judicial notice of the record in *Joel K.*

3

divorce; and [the circuit court's March 22, 2013,] order . . ., . . . there remains to be paid by [petitioner] to [respondent] the sum of Nine Thousand Ninety One Dollars and Sixty One Cents ($9,091.61) to equalize [the] equitable distribution.

Accordingly, the family court granted respondent's motion to compel petitioner to make the remainder of the equitable distribution award owed to her in the amount of $9,091.61, plus 7% interest per annum. In its second order, also entered on May 27, 2016, the family court found that "no payments [of spousal support] have been made by [petitioner] in accordance with . . . the [d]ivorce [d]ecree." Accordingly, the family court granted respondent's motion to compel petitioner to pay the one-time, lump sum award of spousal support in the amount of $12,000, plus 7% interest per annum. However, consistent with the decree of divorce, the family court permitted petitioner to satisfy the one-time, lump sum payment of spousal support by paying monthly installments of $500 beginning on July 1, 2016.

Petitioner appealed both of the family court's May 27, 2016, orders to the circuit court, arguing that (1) newly discovered evidence not available to petitioner before the entry of the family court's May 27, 2016, orders showed that respondent failed to disclose that some of the marital credit card debt was forgiven prior to the entry of the April 30, 2012, decree of divorce, which would affect the distribution of assets and debts between the parties; and (2) the family court never clarified whether petitioner was entitled to a credit against his obligation to pay the lump sum spousal support because of the temporary support payments he made pursuant to the August 20, 2009, order. The circuit court refused petitioner's appeal by order entered on August 25, 2016, finding as follows:

. . . The [d]ivorce [d]ecree in this case was entered on April 30, 2012, and it [o]rders [petitioner] to pay [respondent] $12,000 in spousal support in monthly installments of $500. The [d]ecree also [o]rders [petitioner] to pay $23,251.65 to effectuate equitable distribution of the parties' marital property, but this figure was reduced to $15,251.65 by this [c]ourt on appeal and subsequently affirmed by the West Virginia Supreme Court of Appeals. [Citing *Joel K.*].

Petitioner now appeals from the circuit court's August 25, 2016, order refusing his appeal from the family court's May 27, 2016, orders granting respondent's motions to compel petitioner to make the equitable distribution and spousal support payments owed to her. We review the matter under the following standard:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner reiterates the two assignments of error he raised in the circuit court:

4

(1) newly discovered evidence not available to petitioner before the entry of the family court's May 27, 2016, orders shows that respondent failed to disclose that some of the marital credit card debt was forgiven prior to the entry of the April 30, 2012, decree of divorce, which would affect the distribution of assets and debts between the parties; and (2) the family court never clarified whether petitioner was entitled to a credit against his obligation to pay the lump sum spousal support because of the temporary support payments he made pursuant to the August 20, 2009, order. With regard to his first assignment of error, petitioner acknowledges that he has yet to present the alleged newly discovered evidence to the family court and that there are procedures that would allow him to do so. For example, West Virginia Code §§ 51-2A-10 allows the filing of a motion requesting the family court to reconsider a final order for reasons set forth therein.[6] Therefore, because the family court has not addressed this issue, we decline to consider it.[7] *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

With regard to petitioner's second assignment of error, respondent argues that petitioner may no longer seek credit for prior temporary support payments toward the lump sum payment of spousal support because the family court's April 30, 2012, decree of divorce has become the law of the case. We agree.

In syllabus point 3 of *In Re: Name Change of Jenna A.J.*, 234 W.Va. 271, 765 S.E.2d 160 (2014), we held as follows:

> "The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case." Syl. Pt. 1, *Mullins v. Green*, 145 W.Va. 469, 115 S.E.2d 320 (1960).

However, we have further found that rulings of lower courts that are not appealed become the law of the case that is conclusive in subsequent proceedings in that case. *See Noland v. Virginia Insurance Reciprocal*, 224 W.Va. 372, 378, 686 S.E.2d 23, 29 (2009) (finding that lower court's partial summary judgment constituted the law of the case because it was not appealed).

According to petitioner, he seeks credit for prior temporary support payments toward the lump sum payment of spousal support based on his contention that it would be financially difficult

---

[6]In *Ray v. Ray*, 216 W.Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004) (per curiam), overruled on other grounds by *Allen v. Allen*, 226 W. Va. 384, 701 S.E.2d 106 (2009), we found that a motion for reconsideration pursuant to West Virginia Code § 51-2A-10 has replaced a motion for relief from judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court.

[7]West Virginia Code § 51A-2-10 also sets forth standards for the family court to utilize in evaluating the timeliness of any motion for reconsideration filed pursuant to the statute.

for him to make multiple payments of support and/or equitable distribution at the same time. Both the family court's April 30, 2012, decree of divorce and the circuit court's March 22, 2013, order that affirmed the divorce decree in all material aspects reflect that the lower courts addressed that issue. In the divorce decree, the family court denied respondent's motion for additional attorney's fees in recognition of petitioner's obligations to pay "equitable distribution payments, spousal support[,] and child support," and further permitted petitioner to satisfy the lump sum payment of $12,000 in spousal support by paying monthly installments of $500 beginning after petitioner's last equitable distribution payment. On appeal to the circuit court, petitioner argued that he should not be required to pay spousal support at the same time that he was required to pay child support. The circuit court rejected this argument because petitioner already had a remedy in the form of a petition for modification of child support. Finally, on appeal to this Court in *Joel K.*, petitioner did not raise any issue with regard to either spousal support or child support, explaining that he filed a petition for modification of child support and "[t]he family court did reduce the child support [obligation]."

At the time of petitioner's appeal in *Joel K.*, he knew how to seek credit for and/or clarification regarding a prior payment because that is what petitioner did with the $7,500 payment for respondent's attorney's fees he previously made pursuant to the family court's September 22, 2009, order. The circuit court found that the family court gave petitioner credit for the $7,500 payment on the equitable distribution chart attached to the April 30, 2012, decree of divorce, which was consistent with the family court's finding in the September 22, 2009, order, that respondent was entitled to the payment of her attorney's fees out of the same jointly-held account used by petitioner to pay his attorney's fees. However, the record reflects that, in spite of knowing how to do so, petitioner never sought clarification of whether the decree of divorce required him to make the lump sum payment of $12,000 in spousal support to respondent without any credit for the temporary support payments he previously made pursuant to the family court's August 20, 2009, order. Since petitioner failed to seek such clarification at that time, he may not do so now because he has waived that issue. *See Noland*, 224 W.Va. at 378, 686 S.E.2d at 29 (finding that, because the partial summary judgment was not appealed in that case, "any error in that ruling has been waived"). Therefore, we conclude that both the family court and the circuit court properly found that the family court's April 30, 2012, decree of divorce has become the law of the case that is conclusive on the parties.

For the foregoing reasons, we affirm the circuit court's August 25, 2016, order refusing petitioner's appeal from the family court's May 27, 2016, orders granting respondent's motions to compel him to make the equitable distribution and spousal support payments owed to respondent pursuant to the April 30, 2012, decree of divorce.

Affirmed.

**ISSUED:** September 1, 2017

6

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker