631 S.E.2d 609

**Patricia A. COTTRILL (Now Fagan), Plaintiff Below, Appellee**

v.

**Douglas D. COTTRILL, Defendant Below, Appellant.**

**No. 32785.**

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 25, 2006.

Decided: May 12, 2006.

---

Michael F. Niggemyer, Esq., White Hall, for Appellant.

Patricia A. Fagan, Pro se Appellee.

Kimberly D. Bentley, Esq., Charleston, for Appellee, Bureau of Child Support Enforcement.

PER CURIAM.

This case is before the Court on appeal from the December 14, 2004, Order of the Circuit Court of Harrison County refusing Appellant Douglas D. Cottrill's *pro se* petition for appeal from the November 3, 2004, Order of the Family Court of Harrison County resolving a contempt issue in favor of Appellee Patricia A. Cottrill Fagan and Appellee Bureau of Child Support Enforcement and ordering Appellant to pay $9,504.25 in child support arrearage. This Court has before it the petition for appeal, the response, the briefs of the parties, and all matters of record. Following the arguments of the parties and a review of the record herein, this Court finds that the circuit court erred in refusing Appellant's petition for appeal. Accordingly, this Court reverses the December 14, 2004, Order of the circuit court and remands the matter for entry of an order consistent with this opinion.

## I.

### FACTS

Appellant Douglas D. Cottrill and Appellee Patricia A. Cottrill were married on October 29, 1966. During their marriage, the couple had three children: Kim, born February 14, 1967; Kevin, born September 15, 1972; and Jessica, born October 10, 1976. After 14 years of marriage, the Cottrills were divorced in September, 1980. At the time of the divorce, the children were ages 13, 8 and 3, respectively. Mrs. Cottrill was granted custody of the children, and Mr. Cottrill was ordered to pay child support in the amount of sixty dollars per child, per month.

On July 12, 1988, the circuit court entered an Order adopting the recommendation of the then-Family Law Master that Mr. Cottrill's income be subject to withholding for child support arrearage. At that time, the children were ages 21, 15, and 11, respectively. It was found that an arrearage in the amount of $11,100.00 had accumulated. Because one of the Cottrill's three children had

reached the age of majority, only $120 per month was ordered to be withheld for monthly child support.[1] Another 10% of Mr. Cottrill's monthly disposable income was withheld to be applied to the arrearage.

On January 29, 2004, over nine years after the Cottrill's last child had reached the age of majority, the Family Court of Harrison County entered an Order to Show Cause in response to the Bureau of Child Support Enforcement's (hereinafter, the "BCSE") petition alleging Mr. Cottrill's contempt for failure to pay child support. That petition alleged that an arrearage of $40,349.09 had accumulated. A hearing on the matter was originally scheduled for April 21, 2004, but was rescheduled to October 27, 2004. Mr. Cottrill, appearing *pro se*, maintained that he paid child support directly to Mrs. Cottrill and/or the couple's children. Mrs. Cottrill, however, asserted that she was not paid by Mr. Cottrill and that she had no knowledge of whether he ever paid the children.[2] Mr. Cottrill could not produce any documentation of payment, but explained at the April 21, 2004, hearing:

> This many years, I'd never be able to keep anything this long. Where I did have some papers, all my military stuff and everything else burned down about four or five years ago; six years ago. I have no way to prove anything. And I couldn't afford to have a lawyer come up here with me, and I wouldn't have anything to give him to back me up anyway. I don't have anything.

Mr. Cottrill maintained, though, that he "generally paid" his child support payments. He also asserted that $1200 in child support had been intercepted from money due to him.

In its Order of November 3, 2004, the family court determined that because the Child Support Advocate Office was not created until late 1986, January 1, 1987, would be a "reasonable starting date" for the purpose of calculating any arrearage. The family court's order further stated, "The defense of

---

**1.** According to the record, the Cottrill's second child reached the age of majority in 1990, and their last child reached the age of majority in 1994.

**2.** The family court notes in its Order that Mrs. Cottrill did not inquire of her children prior to the hearing whether they had ever received any such payments.

the Statute of Limitations has not been raised by Douglas D. Cottrill, and the court does not do so now." Based on the calculations of the BCSE for the period of January 1, 1987, through September 30, 2004, the family court ordered Mr. Cottrill to pay principal child support arrears of $7,190 with interest in the amount of $2314.25, for a total of $9,504.25. The court found no contempt.

Mr. Cottrill, again acting *pro se*, filed an appeal before the circuit court on November 16, 2004. In that appeal, Mr. Cottrill, seizing on language contained in the family court's Order, raised the issue of the statute of limitations, arguing that such a defense was not known to him until the family court mentioned it in its order. He also argued that the family court's Order created an undue financial burden on him. Neither Mrs. Cottrill nor the BCSE filed a response to the petition. After examining the record, the circuit court refused the petition for appeal. Specifically, the circuit court determined that "the Statute of Limitations is an affirmative defense which must affirmatively be raised either prior to the hearing in the party's pleadings or at the hearing by way of amendment of the pleadings." The circuit court concluded that because Mr. Cottrill did not raise the defense prior to or during the hearing before the family court, it could not now consider the defense on appeal. The circuit court further found that the family court had not otherwise erred or abused its discretion. Mr. Cottrill now appeals.

## II.

### STANDARD OF REVIEW

■ This Court has previously held that "[i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*" Syl. Pt., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). *See also,* Syl. Pt. 2, *Lucas v. Lucas*, 215 W.Va. 1, 592 S.E.2d 646 (2003).

## III.

### DISCUSSION

■ We again find ourselves faced with issues that arise when a *pro se* litigant finds his or her rights potentially compromised by his or her unfamiliarity with the law. We have recognized that "[u]nder West Virginia Constitution art. III, § 17, the right of self-representation in civil proceedings is a fundamental right which cannot be arbitrarily or unreasonably denied." Syl. Pt. 1, *Blair v. Maynard*, 174 W.Va. 247, 324 S.E.2d 391 (1984). At the same time, we have recognized that a *pro se* litigant's other rights under the law should not be abridged simply because he or she is unfamiliar with legal procedures. To that end, we have advised that "the trial court must 'strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules.' " *Bego v. Bego*, 177 W.Va. 74, 76, 350 S.E.2d 701, 703–704 (1986) (citing *Blair v. Maynard*, 174 W.Va. 247, 252–253, 324 S.E.2d 391, 395–396). We believe that this is such a case. Because of his unfamiliarity with the law and civil procedure, Mr. Cottrill now finds himself in a situation where he may be forced to pay a child support arrearage which would otherwise be deemed long ago barred by the statute of limitations.

In this case, the initial child support obligation was imposed on September 2, 1980. Eight years later, another Order was entered which approved the withholding of income from Mr. Cottrill due to child support arrearage. But it was another fifteen-and-a-half years after that-and twenty-four years after the initial obligation was imposed-before the BCSE attempted to take any further action on the arrearage. At that point, the couple's children were 37, 31, and 27, respectively, and the statute of limitations on the obligation had expired.

■ It has long been our law that "[o]n a judgment, execution may be issued within ten years after the date thereof." West Virginia Code § 38–3–18 (1923). We have also found that this statute of limitations specifically applies to child support cases just as it

does in other cases, holding: "The ten-year statute of limitations set forth in W. Va.Code, 38–3–18 [1923] and not the doctrine of laches applies when enforcing a decretal judgment which orders the payment of monthly sums for alimony or child support." Syl. Pt. 6, *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d 543 (1993).

The statute of limitations is an affirmative defense which must be pled in a responsive pleading. West Virginia Rule of Civil Procedure 8(c). Mr. Cottrill did not file an answer to the BCSE's Petition for Order to Show Cause, so he did not plead the affirmative defense of the statute of limitations. Indeed, he was apparently unaware that such a defense even existed until the family court mentioned the statute of limitations in its Order of November 3, 2004. Accordingly, Mr. Cottrill did not specifically raise the defense until his appeal to the circuit court.

Now with benefit of counsel, Mr. Cottrill asserts that although he did not affirmatively plead the defense, he did allude to it during the hearing before the family court. That is, he indicated to the family court that he had made payments, but, due to the passage of time and a fire in his home, he was now unable to provide documentation of such payments. Mr. Cottrill argues that, knowing that the statute of limitations was an issue in the case and knowing that Mr. Cottrill was unfamiliar with the law, the family court should have made reasonable accommodations to assist him in protecting his rights.

The BCSE, on the other hand, argues that a *pro se* litigant must bear the responsibility for and accept the consequences of his or her mistakes. Furthermore, the BCSE contends that it is not up to a court to become a "surrogate attorney" for a *pro se* litigant. Indeed, the BCSE argues, a court is not permitted to assert affirmative defenses for *pro se* litigants.

We agree with the BCSE that there exists a line between accommodating a *pro se* litigant and advocating for a *pro se* litigant which courts cannot cross. The court's approach should be one of balance. Thus, we have held that:

"trial courts possess a discretionary range of control over parties and proceedings which will allow reasonable accommodations to *pro se* litigants without resultant prejudice to adverse parties. *Pro se* parties, like other litigants, should be provided the opportunity to have their cases 'fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party.' *Conservation Commission v. Price*, 193 Conn. 414, 479 A.2d 187, 192 n. 4 (1984)." *Blair v. Maynard*, 174 W.Va. 247, 252, 324 S.E.2d 391, 396 (1984).

Herein, we believe that a "reasonable accommodation" could have been made to Mr. Cottrill on appeal to the circuit court. At that time, Mr. Cottrill asserted the defense of the statute of limitations. While the circuit court correctly recognized that the statute of limitations is an affirmative defense which should be pled in a responsive pleading and not on appeal, we find that the BCSE would not have been prejudiced if the circuit court had granted the appeal and considered the statute of limitations argument since the BCSE had no rights to prejudice at that point due to the expiration of the statute of limitations. Likewise, we see no reason in equity to countenance the BCSE's delay in this matter.

We also find that it would not have been improper for the circuit court to consider the defense on appeal because, though it was not formally raised in the record below, Mr. Cottrill did allude to the defense in his testimony before the family court when he referenced the passage of time in explaining why he was not able to show proof of any payments. We have held that " '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim.... Judges are not like pigs, hunting for truffles buried in briefs.' *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991); accord *Teague*, 35 F.3d at 985 n. 5; *State v. Honaker*, 193 W.Va. 51, 56 n. 4, 454 S.E.2d 96, 101 n. 4 (1994)." *State, Dept. of Health and Human Resources, Child Advocate Office on Behalf of Robert Michael B. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995). However, in the specific circumstances of this case, where a *pro se* litigant does not have the legal training to recognize and put the correct name to an absolute

**56**

defense before him, we find that a "skeletal argument" is enough to preserve a claim for appeal, especially where the court can recognize the defense for itself, which the family court clearly did as noted in its Order.

This is not a new notion. In *Hedrick v. Hedrick*, 218 W.Va. 116, 624 S.E.2d 463 (2005), we held that it is sufficient for a party to informally plead the statute of limitations. Perhaps Mr. Cottrill did not plead the statute of limitations as clearly as Mr. Hedrick, who specifically noted the statute of limitations in a letter to the family court, but he alluded to it nonetheless, noting how much time had passed and the difficulty that passage posed in proving the payment of child support. And after all, as we stated in *Blair v. Maynard:*

> "the court must not overlook the rules to the prejudice of any party. The court should strive, however, to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not. This 'reasonable accommodation' is purposed upon protecting the meaningful exercise of a litigant's constitutional right of access to the courts." 174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984).

There can be no doubt that, in this case, Mr. Cottrill forfeited substantial rights when he failed to formally assert the defense of the statute of limitations. Therefore, the circuit court should have come to Mr. Cottrill's aid by hearing Mr. Cottrill's appeal of the family court order.

## IV.

## CONCLUSION

Having established that Mr. Cottrill has a valid defense in the statute of limitations, that his status as a *pro se* litigant put him at a great disadvantage in protecting his rights, and that the BCSE would not be prejudiced, we find that the circuit court should have made reasonable accommodations to protect Mr. Cottrill and his rights. Accordingly, this matter is reversed and remanded to the low-er court for entry of an order consistent with this opinion.

Reversed and remanded.