# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Frank S., Petitioner Below,**
**Petitioner**

**vs) No. 14-0558** (Harrison County 83-C-582)

**Deborah S., Respondent Below,**
**Respondent**

**FILED**

May 18, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Frank S., by counsel Gregory Schillace, appeals the Circuit Court of Harrison County's May 6, 2014, order that refused his petition for appeal from a March 5, 2014, order of the Family Court of Harrison County.[1] Respondent Deborah S., pro se, filed a response. On appeal, petitioner alleges that the lower courts erred in concluding that he owes back spousal support and that the circuit court amended its order without properly notifying the interested parties.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties last lived together as husband and wife on January 10, 1983. They had one child during the marriage. The parties were divorced by final order entered January 31, 1985. Pursuant to that order, custody of the minor child was allocated to respondent, and petitioner was ordered to pay respondent spousal support in the amount of $125 per month until she died or remarried, until petitioner died, or until further order of the court. Petitioner was also ordered to maintain medical insurance for the child and to pay one-half of the child's expenses not covered by insurance.

In 1994, respondent filed a petition for contempt asserting that petitioner failed to comply with the January 31, 1985, order. By agreed order entered March 17, 1995, respondent was granted a judgment of $2,878.80 for unreimbursed health insurance premiums; $397.50 for one-

---

[1]We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.,* 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

half of the child's orthodontic bill, which was paid by respondent; $1,735 for one-half of the outstanding orthodontic bill; and $39.11 per month for the child's health insurance.

In 1999, respondent filed a second petition for contempt asserting that petitioner owed unpaid monies and accrued interest pursuant to prior court orders. By agreed order entered April 14, 1999, the lower court found that petitioner owed respondent $7,632.83 in spousal support arrears, toward which petitioner had paid $1,632.83. The lower court granted respondent a judgment for the remaining $6,000.[2]

On September 20, 2013, respondent, pro se, filed another petition for contempt asserting the petitioner owed $31,385 in unpaid spousal support. Petitioner did not respond to respondent's petition, and the family court held a hearing on November 27, 2013. Petitioner argued that, at some point, he and respondent agreed to ignore the spousal support obligation, and, instead, petitioner would assist their daughter with her college expenses.[3]

The family court rejected petitioner's argument to apply the parties' agreement that he would assist with their daughter's college expenses in lieu of paying spousal support. On December 9, 2013, the family court entered a judgment order against petitioner for back spousal support and interest in the amount of $41,702.49. In calculating the back spousal support, the family court gave petitioner credit for payment of three installments of $325 during 1999; the full amount of spousal support in 2000 and 2001 for the daughter's college expenses; the full amount of spousal support in 2010 and 2011; and $125 in February of 2012.

In February of 2014, petitioner filed a motion for reconsideration of the December 9, 2013, order arguing, for the first time, that any claims for back spousal support due prior to September of 2003, were barred by the statute of limitations pursuant to West Virginia Code § 38-3-18.[4] By order entered March 5, 2014, the family court denied petitioner's motion for reconsideration. The family court declined to consider petitioner's statute of limitations defense because he failed to affirmatively plead the defense in accordance with Rule 8(c) of the West Virginia Rules of Civil Procedure or raise it during the contested hearing.

_____

[2]The lower court directed petitioner to pay respondent $325 a month for eighteen months to satisfy this debt.

[3]The record is devoid of any evidence that petitioner filed a motion to modify spousal support based upon this alleged agreement. During the hearing, respondent acknowledged that there was a discussion about the agreement but maintained petitioner paid minimal amounts to assist their daughter.

[4]West Virginia Code § 38-3-18 states that

> On a judgment, execution may be issued within ten years after the date thereof. Where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an officer, or which has been returned unsatisfied.

In April of 2014, petitioner filed a petition for appeal in the circuit court reasserting his position that any claims for back spousal support due prior to September of 2003, were barred by the statute of limitations pursuant to West Virginia Code § 38-3-18. By order entered May 2, 2014, the circuit court granted the appeal, in part, denied the appeal, in part, and remanded the matter to the Family Court of Harrison County for further proceedings on the limited issue of the statute of limitations. The circuit court reasoned that the family court should have addressed the statute of limitations issue because petitioner exercised his right to self-representation. *See Cottrill v. Cottrill*, 219 W.Va. 51, 631 S.E.2d 609 (2006) (holding that the Circuit Court should have made reasonable accommodations to protect pro se father and his rights and was required to address father's statute of limitations argument.). However, on May 6, 2014, the circuit court entered an amended order vacating its May 2, 2014, order and denying petitioner's petition for appeal altogether. The circuit court held that petitioner failed to raise the affirmative defense of the statute of limitations during the underlying proceedings.[5] It is from this order that petitioner now appeals.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

First, petitioner re-asserts that the circuit court erred because any claims for back spousal support due prior to September of 2003, are barred by the statute of limitations pursuant to West Virginia Code § 38-3-18. This Court finds no merit in petitioner's argument. Petitioner cites to no objection that his counsel properly raised his statute of limitations defense in the family court. Therefore, based on the limited facts and circumstances of this case, we find no error in the circuit court's rulings.

Petitioner also argues that the circuit court erred in entering its amended order that reversed its prior decision without affording the parties proper notice. We disagree. "A court has the inherent power to amend its records in accordance with the facts." Syllabus, in part, *Dwight v. Hazlett*, 107 W.Va. 192, 147 S.E.2d 877 (1929). This Court further held that "[t]he better practice requires that notice be given to all parties whose interest may be affected . . . . But the procedure in that respect will be left to the sound discretion of the trial judge . . . ." *Id.* It is undisputed that by order entered May 2, 2014, the circuit court granted the appeal, in part, denied the appeal, in part, and remanded the matter to the Family Court of Harrison County for further

---

[5]The circuit court acknowledged that its legal and factual analysis was based on the erroneous fact that petitioner represented himself during the underlying proceedings when, in fact, petitioner was represented by counsel.

proceedings on the limited issue of the statute of limitations based upon the premise that petitioner elected to represent himself in the underlying proceedings. The circuit court amended its May 2, 2014, order in accordance with the dispositive fact that petitioner was in fact represented by counsel during the underlying proceedings. The order was amended within four days of its entry and "in the interest of justice and fairness" of the parties. Further, petitioner does not assert that he was prejudiced by the May 6, 2014, order. Based on the specific facts of this case, we find that the circuit court did not abuse its discretion.

For the foregoing reasons, we affirm the May 6, 2014, order of the circuit court.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4