IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
July 1, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

SIRAAJ M.,
**Respondent Below, Petitioner**

**v.) No. 23-ICA-511**    (Fam. Ct. Jefferson Cnty. No. FC-19-2011-D-509)

STEPHANIE M.,
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Siraaj M.[1] ("Father") appeals the Family Court of Jefferson County's October 17, 2023, final custody modification order which he alleges failed to address multiple issues that he raised during the final hearing. Respondent Stephanie M. ("Mother") filed a response in support of the family court's decision.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal involves the parties' two minor children, aged sixteen and fourteen respectively. Events leading to this appeal began on or about August 16, 2022, when Mother filed a petition for modification of child support due to an increase in Father's income. The modification hearing was held on November 3, 2022, and the family court used the basic shared parenting child support formula to calculate Father's child support obligation.[3] By order entered on November 7, 2022, Father's child support was increased to $1,015.00 per month. Father appealed the November 7, 2022, order to this Court, wherein he argued that the extended shared parenting child support formula should have

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Both parties are self-represented.

[3] *See* West Virginia Code § 48-13-301 (2023) for the chart showing basic shared parenting child support guidelines.

been used instead of the basic shared formula.[4] On May 1, 2023, this Court entered a Memorandum Decision remanding the matter to the family court with instructions to use the child support formula for extended shared parenting to recalculate Father's child support. *See Siraaj M. v. Stephanie M.*, No. 22-ICA-288, 2023 WL 3172034, at \*1 (W. Va. Ct. App. May 1, 2023) (memorandum decision). A remand hearing was held on June 12, 2023. During that hearing, the family court used the correct formula and calculated Father's new child support obligation to be $662 per month.

Mother filed a petition for contempt based on Father's failure to pay child support. By order entered on April 12, 2023, the family court dismissed the petition for contempt but ordered Father to become current on his child support obligation. On May 22, 2023, Father filed a petition for modification of child support. On June 2, 2023, Mother filed a petition for the modification of custody. On June 13, 2023, Father filed a motion to have the family court judge recused. The motion for recusal was denied by administrative order entered by the Supreme Court of Appeals of West Virginia on June 22, 2023.

In June and July of 2023, Father filed the following: (1) an objection to the children's testimony; (2) objections to the child support remand order; (3) a writ of prohibition; (4) an objection to child support wage withholding; (5) a request for the production of documents under a Subpoena Duces Tecum; and (6) a motion to review. The writ of prohibition was dismissed by the circuit court of Jefferson County on July 18, 2023. Thereafter, Father filed with the family court: parenting plan pleadings, a motion *in limine*, a petition for contempt, and a motion to reconsider.

The final modification hearing was held on September 28, 2023. At that hearing, the family court denied Father's motion *in limine*, stating that "to limit testimony would be [a] denial of [Mother's] rights to petition for [a custody] modification." Father's petition for contempt was dismissed as moot because the family court already heard the arguments alleged in the contempt petition. Father's motion for reconsideration was dismissed as moot because the child support issue contained therein had already been addressed. The family court dismissed the remainder of Father's motions and proceeded to hear Father's petition for the modification of child support and Mother's petition for the modification of custody.

At the hearing on September 28, 2023, Father elicited testimony from a human resources representative from Mother's place of employment who presented pay stubs and testimony showing that Mother earned $14.10 per hour and can earn an extra dollar per hour if she works overtime. She further testified that Mother had worked approximately forty to forty-five hours of overtime from January of 2023 to September of 2023. Mother then testified that Father had not exercised any overnights since May of 2022 and had not

---

[4] *See* West Virginia Code § 48-13-501 (2023), which explains the method used for calculating child support for extended shared parenting cases where each parent has the child for more than one hundred twenty-seven days per year.

regularly visited with the children since November of 2022. Mother also testified that Father called the children names and shamed them such that they no longer desired to have visits with him. Father testified that he has been in a facility to receive treatment for alcoholism since August of 2022, that he had been sober for thirteen months, and that he could not afford to move out of the residential facility due to his child support being too high.

The final modification order was entered on October 17, 2023. In that order, the family court calculated child support to be $575 under the extended shared formula and $997 under the basic shared formula. Due to Father's alcohol treatment and living situation, the family court decided to deviate from the basic shared formula and split the difference between the two calculations, which resulted in Father being ordered to pay $775 per month in child support. The family court further held that Mother would have the children at all times unless the parties agreed for Father to visit, and that the parties would have joint decision-making. It is from the October 17, 2023, order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __ S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Father raises eight assignments of error on appeal that present interrelated issues; accordingly, we consolidate his arguments as appropriate.[5]

Father asserts that the family court's October 17, 2023, order did not properly weigh the evidence that was presented during the final hearing. This argument lacks merit. The clear error standard of review for a lower court's factual findings is "highly deferential." *Argus Energy, LLC v. Marenko*, 248 W. Va. 98, 105, 887 S.E.2d 223, 230 (2023).

> Demonstrating clear error is no mean feat. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a

---

[5] *See Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 51, 750 S.E.2d 263, 267 (2013) (per curiam) (consolidating assignments of error).

3

mistake has been committed. A party does not meet this burden by suggesting that the findings are 'maybe' or 'probably wrong.' Rather, the challenged factual finding must strike us wrong with the force of a five-week-old, unrefrigerated dead fish.

*Marenko*, 248 W. Va. at 105, 887 S.E.2d at 230 (citations omitted). Here, Father expresses his dissatisfaction and disagreement with the family court's ruling, but he ultimately fails to demonstrate how the family court's factual findings constitute clear error.[6] While we allow a degree of leeway to pro se litigants arguing before us,[7] appeals must still present cognizable legal reasons to justify setting aside a court's ruling on appeal. As such, we find no basis in law to warrant relief on these issues.[8]

In his third assignment of error, Father avers that the family court ignored his pleadings, responses, testimony, and filings on the record. We disagree. A review of the transcript shows the family court heard all arguments presented by Father. With regard to Father's multiple pleadings, West Virginia Code § 51-2A-7(a)(1) (2013) gives family courts the power to "[m]anage the business before them." Additionally, Father failed to state on appeal exactly how he suffered harm. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

As his fourth assignment of error, Father contends that the family court deviated from this Court's mandate and memorandum decision in its June 12, 2023, hearing. We decline to address this assignment of error because the timeframe for appeal long since passed, as the final order from the remand hearing was entered on June 22, 2023, and the notice of appeal in this proceeding was filed on November 16, 2023.

Fifth, Father asserts that the family court judge exhibited profound misconduct and was a hindrance to his case. We decline to rule on this assignment of error, as this Court lacks jurisdiction to hear allegations regarding alleged judicial misconduct. Rule 2 of the West Virginia Rules of Judicial Disciplinary Procedure directs parties to file complaints

---

[6] Father argues the family court overlooked his allegations of Mother's: (1) acts of parental alienation; (2) parental unfitness; and (3) abuse of the judicial system.

[7] *See Cottrill v. Cottrill*, 219 W. Va. 51, 55, 631 S.E.2d 609, 613 (2006) (requiring courts to provide "reasonable accommodations" to pro se litigants).

[8] The above section consolidates Father's first, second, and eighth assignments of error.

4

against judges with the West Virginia Office of Disciplinary Counsel for violations of the Code of Judicial Conduct.

Sixth, Father argues that the family court was very "loose" with his filings for discovery and did not compel his witness or Mother to comply with the law or rules of discovery. We disagree. A review of the transcript shows that the family court permitted Father to examine a human resources representative from Mother's workplace to develop evidence regarding Mother's employment salary. Over the course of the hearing, the witness provided detailed information about Mother's hourly wage and overtime hours worked in 2023. Therefore, we conclude that the family court's evidentiary rulings do not constitute an abuse of discretion.

Seventh, Father asserts that he has over-paid child support in the amount of $1,604.08 due to the family court's error in the November 3, 2022, hearing and the family court has not directed the Bureau for Child Support Enforcement to reimburse him. We disagree. The order on remand was entered on June 22, 2023, and the timeframe to appeal that issue has passed. Accordingly, we cannot conclude that the family court has committed error.

For the reasons above, we affirm the family court's October 17, 2023, order.

Affirmed.


**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear