IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SIRAAJ M.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-168**    (Fam. Ct. Jefferson Cnty. Case No. FC-19-2011-D-509)

**STEPHANIE M.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Siraaj M.[1] appeals the Family Court of Jefferson County's March 21, 2024, final modification order denying him sole custody of the parties' two minor children. Respondent Stephanie M. responded in support of the family court's decision.[2] Siraaj M. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Our Court addressed multiple underlying issues in this case in two previous appeals. Because those decisions contain detailed factual recitations, we only need to briefly discuss the background facts of the case in this decision.[3]

Siraaj M. ("Father") and Stephanie M. ("Mother") share two minor children, who were ages sixteen and thirteen at the time of the family court proceedings below. Events leading to this appeal began in May of 2012, when a final custody order was entered designating Mother as the primary residential parent with shared decision-making and

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] *See Siraaj M. v. Stephanie M.*, No. 22-ICA-288, 2023 WL 3172034 (W. Va. Ct. App. May 1, 2023) (memorandum decision) and *Siraaj M. v. Stephanie M.*, No. 23-ICA-511, 2024 WL 3252324 (W. Va. Ct. App. July 1, 2024) (memorandum decision).

granting Father parenting time on Sunday through Wednesday, as well as on the second Saturday of each month. In that order, Father was also directed to pay $381 per month in child support. Over the years, the parties have filed multiple petitions for contempt, custody modification, and child support modification in family court.

Relevant to this appeal is Father's most recent petition for the modification of custody, wherein he requested that Mother be ordered to undergo drug testing, that the court monitor her mental health, and that he be granted sole custody and decision-making authority of the children. The final hearing on Father's petition was held on February 1, 2024. At that hearing, the family court interviewed the children, in camera, and determined that the children were sufficiently mature to state their preferences regarding custody. The children stated that they were happy with the way things were, alternating parenting time between both parents. The children further stated that they would not mind if the family court added alternating Saturdays to the parenting plan, which would create 50-50 parenting time.

The family court's final order was entered on March 21, 2024. In that order, the court held that the parties would continue to have shared decision-making, begin alternating Saturday visitations, and that Father would pay Mother $575 per month in child support. The family court also ordered the parties, at the children's request, to attend therapy to address the negativity between them. With the added alternating Saturday visitations, Father would continue to have the children Sunday through Wednesday, and on alternating weeks his schedule would include Saturday through Wednesday. Mother would have the children at all other times. It is from the March 21, 2024, final order that Father now appeals.

For these matters, we use the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises three assignments of error. First, he asserts that the family court erroneously failed to open an abuse and neglect case after hearing sufficient evidence that Mother committed abuse and neglect against the children. We disagree. Rule 48 of the Rules of Practice and Procedure for Family Court states,

[i]f a family court has reasonable cause to suspect any minor child involved in family court proceedings has been abused or neglected, that family court shall immediately report the suspected abuse or neglect to the state child protective services agency, pursuant to W. Va. Code §§ 49-6A-2, and the circuit court.

Here, the family court personally interviewed both children, then ages sixteen and thirteen, and determined that they were happy with the way things were, alternating parenting time between both parents with the possibility of adding an alternating Saturday. The children did not disclose to the court any instances of or concerns about child abuse and neglect. After interviewing the children, the family court, in its discretion, determined that there was no reasonable cause to suspect that the children were subjected to abuse or neglect by Mother. The record is devoid of any evidence, aside from Father's uncorroborated allegations of abuse. There is no evidence that any child abuse and neglect proceeding has been initiated against Mother and no other evidence supporting Father's claims. Accordingly, we find no error in the family court's questioning of the children, consistent with West Virginia Code § 48-9-402(b)(3)-(4),[4] and corresponding conclusion that there was insufficient evidence of abuse and/or neglect.

In his second assignment of error, Father contends that the family court erred by failing to properly consider or afford proper weight to certain evidence. We disagree. The clear error standard of review for a lower court's factual findings is "highly deferential." *Argus Energy, LLC v. Marenko*, 248 W. Va. 98, 105, 887 S.E.2d 223, 230 (2023).

Demonstrating clear error is no mean feat. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A party does not meet this burden by suggesting

---

[4] West Virginia Code § 48-9-402(b)(3)-(4)(2022) provides, in part, as follows:

[t]he court may modify any provisions of the parenting plan without the showing of changed circumstances . . . if the modification is in the child's best interests, and the modification:
. . .
(3) Is necessary to accommodate the reasonable and firm preferences of a child who, has attained the age of 14; or

(4) Is necessary to accommodate the reasonable and firm preferences of a child who is under the age of 14 and, in the discretion of the court, is sufficiently matured that he or she can intelligently express a voluntary preference;

3

that the findings are 'maybe' or 'probably wrong.' Rather, the challenged factual finding must strike us wrong with the force of a five-week-old, unrefrigerated dead fish.

*Argus*, 248 W. Va. at 105, 887 S.E.2d at 230. In this case, Father has expressed his dissatisfaction and disagreement with the entirety of the family court's decision, but he ultimately failed to demonstrate how the family court's factual findings are clearly erroneous. While we allow a degree of leeway to pro se litigants arguing before us,[5] appeals must still present cognizable legal reasons to justify setting aside a court's ruling on appeal. As such, we find no basis in law to warrant relief for Father's second assignment of error.

Lastly, Father argues in this third assignment of error that the family court erroneously failed to hold Mother to the same standard of accountability and scrutiny as Father. We decline to rule on this assignment of error, as it is merely a complaint about how the proceedings were conducted below. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [reviewing] court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Here, Father's assignment of error is a general and conclusory statement without any specific reference or supporting explanation. Father fails to articulate how the family court abused its discretion or acted erroneously. As such, we find no basis in law to warrant relief.

Accordingly, we affirm the family court's March 21, 2024, final modification order.

Affirmed.

ISSUED: December 6, 2024

CONCURRED IN BY:

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[5] *See Cottrill v. Cottrill*, 219 W. Va. 51, 55, 631 S.E.2d 609, 613 (2006) (requiring courts to provide "reasonable accommodations" to pro se litigants).