IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JARROD K.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-223**   (Fam. Ct. Harrison Cnty. Case No. FC-17-2024-D-175)

**TAUSHA M.,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Jarrod K.[1] ("Father") appeals the Family Court of Harrison County's May 12, 2025, divorce order directing the parties' two youngest children to continue their education at their current Montessori school for the 2025-26 school year. Respondent Tausha M. ("Mother") responded in support of the family court's decision.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by order entered on May 12, 2025. They share four children, born in 2013, 2015, and 2017. During the divorce proceedings, the parties reached an agreement on all issues except where the two youngest children would attend school for the 2025-2026 school year. The divorce order held the following: (1) Father would pay Mother $1,305 per month in child support; (2) the two youngest children would attend Clarksburg Children's House during the 2025-2026 school year; and (3) Mother was named the primary residential parent. The parties had an agreed parenting plan which was incorporated into the divorce order by reference.

Prior to the parties' separation and by their agreement, all four children attended the Clarksburg Children's House ("CCH"), a local Montessori school, which provided

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Amy Lanham, Esq.

1

education from pre-kindergarten through the third grade. It is undisputed that during their marriage, the parties agreed that their children's early education would be provided by a Montessori-based provider, and before their separation, were mutually satisfied with CCH.[3]

However, effective for the 2025-2026 school year, CCH was planning to change its format. Under this change, children would attend the school only four days per week and be taught by certified Montessori teachers three of those days. A parent would facilitate and oversee the school day on the fourth day. The fifth day would become an "at-home learning experience" where children would not attend the school facility but would be taught at home instead. Due to those changes, CCH would become classified as a micro-homeschool and no longer have private school status under West Virginia law. As a result, the county board of education required all children registered at CCH for the 2025-2026 school year to register as "home-schooled" as opposed to being enrolled in a private school.

During the final divorce hearing, the family court heard testimony from the head of CCH, Dawn Woodrum, regarding the impending changes at CCH, and made a credibility determination that Ms. Woodrum "testified convincingly that there has been much planning and consideration taking place to ensure the education level does not suffer" as a result of those changes. In its May 12, 2025, order, the family court found that, despite its new classification as a micro-homeschool, the CCH plan for 2025-2026 would not be a traditional home-schooling experience, as the children would still attend in person eighty percent of the time and be taught "in the same way all four of these parties' children have been taught for their entire school experience to date." It is from the family court's final order that Father now appeals.[4]

---

[3] By the time of this appeal, the parties' two older children aged out of CCH and were attending Heritage Christian School, a private school.

[4] On or about May 20, 2025, Father filed a motion for reconsideration of the final divorce order in the family court. Prior to receiving a ruling on the motion for reconsideration below, on May 30, 2025, Father filed his Notice of Appeal of the final order before this Court, and it was docketed in the instant matter. On June 3, 2025, this Court entered its order holding the appeal in abeyance and remanding this matter to the family court pending resolution of the motion for reconsideration.

On June 4, 2025, Father filed with this Court a copy of a "Notice of Withdrawal of Rule 25 Motion for Reconsideration and Certificate of Service" that he had submitted to the family court that afternoon. Nevertheless, the family court denied Father's motion for reconsideration by order entered on or about June 5, 2025. Notably, Father did not amend his Notice of Appeal in this matter to include the June 5, 2025, order, and, therefore, consideration of the June 5, 2025, order is not properly before this Court for appellate review.

2

For these matters, we apply the following standard of review.

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises seven assignments of error. However, because many of his arguments are interrelated and can be addressed together, they will be consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

Father asserts that the family court erred and abused its discretion by ordering the parties' two youngest children to attend CCH for the 2025-26 school year after the school changed its instructional format. In doing so, Father argues that the family court violated his fundamental parental rights, failed to apply the best interest of the child standard, disregarded the legal consequences of required homeschool registration, disregarded the status quo, and failed to address the legal and financial risks of the court-imposed homeschool classifications. We disagree.

This Court has previously held that:

This Court cannot set aside a family court's factual findings "unless they are clearly erroneous." A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous standard, an appellate court does not reweigh the evidence and cannot reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017).

*James W. v. Ciara R.*, No. 23-ICA-237, -238, -239, 2024 WL 1740353, at *6 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision).

Here, it is evident that the family court considered the parties' agreement, CCH's changed instructional format, the children's ages, witness testimony from the head of CCH,

Mother's testimony that she would ensure Father's schedule was not negatively impacted by the changes, and the fact that the children affected will age out of CCH after the 2025-26 school year. Father expressed his dissatisfaction and disagreement with the family court's decision on where the children would attend school for the 2025-26 school year, but he ultimately failed to demonstrate how the family court's factual findings were clearly erroneous or how the family court abused its discretion in applying the law to the facts of the case. While it is well established that courts must provide pro se litigants with certain accommodations,[5] their appeals must present a cognizable reason to justify setting aside a court's ruling on appeal. Here, no cognizable reasons were presented by Father to justify setting aside the family court's disputed rulings. As such, we find no basis in law to warrant relief to Father on these issues.

As his last assignment of error, Father contends that the family court erred when it denied his motion for reconsideration. However, we decline to consider this argument as the order denying the motion for reconsideration is not properly before us in this appeal.

Accordingly, we affirm the family court's May 12, 2025, divorce order.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[5] *See Cottrill v. Cottrill*, 219 W. Va. 51, 55, 631 S.E.2d 609, 613 (2006) (requiring courts to provide "reasonable accommodations" to pro se litigants).