IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SARAH L.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-358**  (Fam. Ct. Raleigh Cnty. No. FC-41-2024-D-317)

**ROBERT S.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Sarah L. ("Mother")[1] appeals the Family Court of Raleigh County's August 18, 2025, final order adopting the parties' agreed parenting plan. Respondent Robert S. ("Father") filed a response in support of the family court's order.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were never married but share one minor child, G.L., born in 2024. Father filed a petition for allocation of custodial responsibility on August 16, 2024. The family court conducted an initial hearing on October 2, 2024, at which both parties appeared self-represented, and the court ordered genetic testing to determine the child's paternity. At a hearing held on February 10, 2025, the family court adjudicated Father as the father of the child based on the genetic test results.[3] During that hearing, Mother testified that Father was receiving supervised visits with the child for two hours, about once each week. Mother also testified that she was concerned about Father's alcohol consumption and that he was

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] Mother failed to include orders from the October 2, 2024, and February 10, 2025, hearings or the temporary order in her appendix, or any pleadings filed below. However, she included the digital recordings of these hearings.

1

recently arrested for DUI. The court entered a temporary order on February 21, 2025, setting a temporary visitation schedule and temporary child support.

The court conducted a final hearing on August 4, 2025, at which both parties appeared with counsel. Father's attorney informed the court that the parties had negotiated a full and complete agreement on the parenting issues and placed the terms of the parties' agreed parenting plan on the record. Thereafter, counsel questioned the parties about the terms of their agreement on the record. Neither party objected to the proposed parenting agreement. The family court adopted the parties' agreement and incorporated its terms into the order entered August 18, 2025. It is from this order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

We note at the outset that Mother's brief fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure because her arguments "fail to contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." As such, this Court has discretion to "disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. 10(c)(7).

On appeal, Mother asserts three assignments of error. First, Mother argues that the family court "showed bias and lacked impartiality by making prejudicial statements" during the October 2, 2024, hearing. However, neither party appealed the order resulting from that hearing. Further, this Court lacks jurisdiction to hear allegations regarding judicial misconduct as no motion to disqualify was filed and such motions are not within this Court's jurisdiction. *See* R. Prac. & Pro. for Fam. Ct. 58. Moreover, Mother failed to establish that her due process rights were violated due to the alleged bias. *See Xerxes R. v. Richard P.*, No. 24-ICA-76, 2024 WL 5003524 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (holding that the petitioner must demonstrate error on the basis of bias or prejudice constituting a violation of a party's due process rights).

2

Next, Mother contends that the family court abused its discretion and violated her due process rights by refusing to consider proof of Father's drinking problem and DUI history. Mother bases this argument on testimony elicited during the February 10, 2025, temporary hearing. The order resulting from that hearing is not the subject of the instant appeal, and Mother did not provide any legal authority in support of this argument. *See State v. Sites*, 241 W. Va. 430, 442, 825 S.E.2d 758, 770 (2019) (declining to address an assignment of error that includes no legal authority to support the argument). As such, we decline to address Mother's second assignment of error.

Lastly, in Mother's third assignment of error, entitled "failure of counsel," Mother appears to allege that she was pressured into agreeing to the parenting plan adopted and ordered by the family court. However, Mother's argument lacks merit. The Supreme Court of Appeals of West Virginia ("SCAWV") has long held that "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement [do] not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). The SCAWV has also held, "[t]hese agreements, when properly executed, are legal and binding and this Court will not set aside such agreements on allegations of duress and undue influence absent clear and convincing proof of such claims." *Warner v. Warner*, 183 W. Va. 90, 95, 394 S.E.2d 74, 79 (1990).

Here, the record reflects that both parties were represented by counsel at the hearing, and neither party objected to any provision of the agreement when counsel presented it to the family court. Further, both parties testified that they were not entering into the agreement under duress, or as a result of fraud or coercion. While it is well established that courts must provide self-represented litigants certain accommodations, the litigants' appeals must still present cognizable legal reasons to justify setting aside a court's ruling. *See Tasha R. v. Brian R.,* No. 25-ICA-313, 2026 WL 688324, at *5 (W. Va. Ct. App. Feb. 27, 2026) (citing *Cottrill v. Cottrill*, 219 W. Va. 51, 55, 631 S.E.2d 609, 613 (2006) (per curiam)). Here, Mother has simply expressed her dissatisfaction with the agreed parenting plan and that is insufficient to justify setting aside the family court's order. Therefore, we find that the family court did not abuse its discretion or err by adopting the parties' parenting agreement.

Accordingly, we affirm the family court's August 18, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

3

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White